**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CATHY TAYLOR,**

      **Petitioner,**

**v.**                                   **Case No. 4:15cv257-MW/CAS**

**JONES, Warden,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about May 7, 2015, Petitioner Cathy Taylor, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, and a supporting memorandum, ECF No. 2. On August 17, 2015, Respondent filed an answer, with exhibits.   ECF No. 11.   Petitioner has not filed a reply, although given the opportunity to do so.  *See* ECF No. 10.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration, the undersigned concludes the petition is moot and should be dismissed.

## Background

On April 1, 2014, in the United States District Court for the Eastern District of Pennsylvania, Petitioner Cathy Taylor was sentenced to a term of 68 months in prison for conspiracy to possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 846; distribution of oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and distribution of oxycodone within 1000 feet of a school, in violation of 21 U.S.C. § 860. ECF No. 11 Ex. 3.   At the time she filed her § 2241 petition, she was incarcerated at the Federal Correctional Institution in Tallahassee, Florida. See ECF No. 1.

In her § 2241 petition, Taylor raises one ground, challenging the decision of the Federal Bureau of Prisons (BOP) denying her "early release incentive for completion of RDAP," Residential Drug Abuse Program.   ECF No. 1 at 3; *see* ECF No. 2.   Respondent filed an answer, asserting the BOP has the discretion to deny early release based on Taylor's prior criminal history and the BOP acted within the scope of its authority. petition should be dismissed because Berkley has not stated a claim cognizable under § 2241 and has no constitutional right to clemency or parole.   ECF No. 11 at 3-6.   Respondent indicated that, at the time the

answer was filed in August 2015, Petitioner Taylor's expected release date

was November 20, 2017.   *Id.* at 1.

A review of the website for the Federal Bureau of Prisons indicates

Petitioner Cathy Taylor, Inmate Register Number 65304-066, was actually

released on November 18, 2016.   *See* www.bop.gov/inmateloc/.   Notably,

as of the date of this order, Petitioner has not filed a change of address

with this Court.

## Analysis

Whether an action is moot involves a jurisdictional issue because it

implicates the Article III requirement of a live case or controversy.   Bailey

v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987).   Upon expiration of a

petitioner's sentence, "some concrete and continuing injury other than the

now-ended incarceration" – some "collateral consequence" of the

conviction – must exist to maintain the habeas action.   Spencer v. Kemna,

523 U.S. 1, 7 (1998).   *See, e.g.*, U.S. ex rel. Graham v. U.S. Parole

Comm'n, 732 F.2d 849, 850 (11th Cir. 1984) (holding federal prisoner's

habeas corpus petition challenging regulations and decisions by U.S.

Parole Commission was mooted by prisoner's release as his "ultimate

objective in bringing the action was to obtain parole" and "[s]ince he has

been released on parole in the interim, we find there no longer is a case or controversy to litigate" as "[a] favorable decision on the merits would not entitle Graham to any additional relief"); <u>Hernandez v. Wainwright</u>, 796 F.2d 389, 390 (11th Cir. 1986) (holding district court properly dismissed as moot state prisoner's § 2254 petition that alleged prison officials had unconstitutionally miscalculated his gain time credits, where prisoner was released from custody while petition was pending and prisoner had attacked only length of confinement, not underlying conviction).

Here, Petitioner Taylor's only objective in bringing this habeas action was a reduction in her sentence because of her participation in a Residential Drug Abuse Program (RDAP).   Because she has since been released from incarceration, there is no longer a case or controversy to litigate.   Thus, this action is moot and should be dismissed.

## Conclusion

For the reasons stated above, this § 2241 petition is moot. Accordingly, the petition (ECF No. 1) should be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 6, 2016.

<u>**S/ Charles A. Stampelos**</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**